NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RUIZ-HERNANDEZ, | No. 25-220 |
| Petitioner, | Agency No. A087-746-108 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2025[**]
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Jose Ruiz-Hernandez (Ruiz) seeks review of the Board of

Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ)

decision denying protection from removal under the Convention Against Torture

(CAT). Ruiz also seeks review of the BIA's refusal—for timeliness reasons—to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

terminate proceedings due to alleged deficiencies in his Notice to Appear (NTA). We deny the petition.

1.    *CAT Claim.* We review de novo whether a petitioner has exhausted his administrative remedies. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citations omitted); *see also* 8 U.S.C. § 1252(d)(1). "[C]onclusory statement[s]" that the IJ erred "do[] not meaningfully challenge the IJ's decision on appeal." *Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016). Exhaustion is not a jurisdictional rule, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023), but we must enforce it when "properly" invoked by the Government, as it is here. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (quoting *Fort Bend County v. Davis*, 587 U.S. 541, 549 (2019)).

Here, Ruiz did not exhaust his arguments on an essential element of his CAT claim: a demonstration of government acquiescence. Ruiz's BIA brief stated that he "does not believe the authorities would be able to protect him in Mexico," and that "the [Mexican] Government is complicit" with "human rights violations and violence." These conclusory assertions were insufficient because they "d[id] not apprise the BIA of the particular basis for [Ruiz's] claim." *Rizo*, 810 F.3d at 692.

Because Ruiz did not exhaust his challenge to the agency's dispositive acquiescence finding, *see Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022), his CAT claim fails, and we need not address his other CAT-related arguments. *See* 8 U.S.C. § 1252(d)(1).

2. ***Timeliness of NTA Argument.*** We review the denial of a motion to terminate proceedings for abuse of discretion. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). Ruiz sought termination of his removal proceedings on the grounds that his NTA was defective. An NTA must include the date and time of removal proceedings. 8 U.S.C. § 1229(a)(1). Yet, the failure to include such information does not affect the jurisdiction of an immigration court. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191–92 (9th Cir. 2022) (en banc). Rather, as a non-jurisdictional claim-processing rule, the BIA requires objections premised on § 1229(a)(1) to be "properly and timely raised." *Matter of Fernandes*, 28 I. & N. Dec. 605, 609 (B.I.A. 2022). The BIA has held that timely in this context means "prior to the closing of pleadings before the Immigration Judge." *Id.* at 610–11.

Ruiz's initial pleadings closed when the IJ accepted Ruiz's initial plea: April 2, 2013. *Cf. Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (pleadings close "once a complaint and answer have been filed"). Ruiz first objected to the NTA more than ten years later in August 2023. Thus, the BIA did not abuse its discretion in dismissing Ruiz's objection as untimely.

**PETITION DENIED.** The temporary stay of removal, Dkt. 3, shall dissolve upon issuance of the mandate.